'09 CIV 8610

Judge McMahon

Jani K. Rachelson (JK 0121)
Peter D. DeChiara (PD 0719)
Zachary N. Leeds (ZL 7353)
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York 10036-6976
Tel:  (212) 563-4100
Fax:  (212) 695-5436
jrachelson@cwsny.com
pdechiara@cwsny.com
zleeds@cwsny.com

Attorneys for Plaintiff John E. Lavin



RECEIVED
OCT 08 2009
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
JOHN E. LAVIN,

                *Plaintiff*,

    - v. -

BRIEFLY STATED, INC. and BRIEFLY STATED
INC. PROFIT SHARING PLAN,

                *Defendants*.
------------------------------------------------------------- X

Case No. 09-CIV-8610(CM)(FM)

ECF Case

## COMPLAINT

Plaintiff John E. Lavin ("Lavin"), for his complaint, alleges as follows:

### INTRODUCTION

1.    This is an action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1001-1461, brought by a participant in a defined contribution pension plan to collect his nonforfeitable benefits in the plan.

2. Lavin was an employee of Defendant Briefly Stated, Inc. ("BS") and, at all times relevant to this action, has been a participant in Defendant Briefly Stated Inc. Profit Sharing Plan ("Plan"). After BS was acquired by another company, contributions to the Plan were completely discontinued. Under the Internal Revenue Code ("IRC") and the terms of the Plan, such a complete discontinuance of contributions gave Plan participants a nonforfeitable right to 100% of the amounts in their Plan accounts as of the date of the discontinuance. Lavin, however, received a distribution of only 40% of the amount in his account. He now sues for the balance, plus interest and/or earnings, and his attorney's fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the action under 29 U.S.C. §1132(e)(1), as the action is brought under 29 U.S.C. §1132(a).

4. Venue lies in this District under 29 U.S.C. §1132(e)(2), as the Plan is administered in this District.

## PARTIES

5. The Plan is an "employee pension benefit plan" within the meaning of ERISA Section 3(2)(A), 29 U.S.C. §1002(2)(A), and is tax-qualified under IRS Section 401(a), 26 U.S.C. §401(a). Before on or about January 1, 2006, the Plan was an employee stock ownership plan ("ESOP") named the Briefly Stated Inc. Employee Stock Ownership Plan. On or about January 1, 2006, the Plan was converted to a discretionary profit-sharing plan.

6. BS is an "employer" within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5), which at all relevant times was the Plan sponsor and administrator within the

meaning of ERISA Section 3(16), 29 U.S.C. §1002(16), and whose employees have participated in the Plan.

7. Lavin is a former employee of BS. At all relevant times he has been a "participant" in the Plan within the meaning of ERISA Section 3(7), 29 U.S.C. §1002(7). He continues to be a participant in the Plan as he has a nonforfeitable interest in benefits which he accrued under the Plan.

## FACTUAL ALLEGATIONS

8. Lavin was employed by BS from October 2, 2000 until March 30, 2005, when he voluntarily terminated his employment.

9. While employed by BS, Lavin was a participant in the Plan and accrued benefits in the Plan. As of March 2007, Lavin had a balance of $1,496,500.50 in his Plan account.

10. At the time he terminated his employment, Lavin had four years of vesting service in the Plan. According to the Plan's vesting schedule, these four years of service gave Lavin a vested interest in 40% of his account balance in the Plan.

11. On September 30, 2005, Millwork Trading Co., Ltd. d/b/a Li & Fung USA ("LF") purchased all of the outstanding shares of BS. Immediately following LF's acquisition of BS, BS made no further contributions to the Plan on behalf of Plan participants. In addition, new employees who began employment after the acquisition were no longer eligible to participate in the Plan.

12. IRC Section 411(d)(3)(B), 26 U.S.C. §411(d)(3)(B), provides in relevant part that upon a complete discontinuance of contributions to a defined contribution plan,

participants in the plan acquire a nonforfeitable right to all benefits which have accrued in their plan accounts, regardless of the amount vested under the plan's vesting schedule.

13. In addition, the Plan itself provides that upon termination of the Plan, all amounts in a participant's account shall be nonforfeitable. According to the Plan's Administrative Committee, a complete discontinuance of contributions to the Plan constitutes a termination of the Plan.

14. BS's failure to make any further contributions to the Plan following its acquisition by LF constituted a complete discontinuance of contributions. Under the IRC and the terms of the Plan, this complete discontinuance of contributions gave Plan participants, including Lavin, a nonforfeitable right to the full amounts in their Plan accounts.

15. Under applicable Treasury Regulations, a complete discontinuance of contributions becomes effective on the last day of the sponsoring employer's taxable year following the last taxable year during which it made a substantial contribution to the plan. Since BS made its last substantial contribution to the Plan in 2005, the complete discontinuance of contributions became effective on the last day of BS's 2006 taxable year, or December 31, 2006.

16. The Plan provides that the nonvested portion of a terminated participant's account balance is not forfeited until the participant incurs a five-year break-in-service. Although Lavin's employment with BS terminated prior to December 31, 2006, he had not suffered a forfeiture of the nonvested portion of his Plan account as of that date because he had not incurred a five-year break-in-service. Accordingly, Lavin became fully vested in the nonvested portion of his account on December 31, 2006, the effective date of the complete discontinuance of contributions to the Plan.

17. In March 2007, the Plan distributed to Lavin only 40% of the amount in his Plan account (the "Distribution"), despite the fact that Lavin had a nonforfeitable right to 100% of his account balance.

18. By letter to BS dated May 30, 2007, Lavin asserted a claim for the balance in his account, based on the discontinuance of contributions to the Plan.

19. By letter dated November 19, 2007, the Plan's Retirement Committee denied Lavin's claim.

20. By letter dated December 4, 2007, Lavin appealed the denial of his claim.

21. By letter dated March 31, 2008, the Plan's Administrative Committee denied Lavin's appeal.

22. Having exhausted his administrative remedies under the Plan, Lavin now brings suit.

## ERISA CLAIM -- 29 U.S.C. §§1132(a)(1)(B), 1132(a)(3)

23. Lavin hereby repeats and realleges the allegations set forth in paragraphs 1 through 22 as if fully set forth herein.

24. Because there was a complete discontinuance of contributions to the Plan, Lavin had a nonforfeitable right to 100% of the amount in his Plan account. Defendants violated IRC Section 411(d)(3)(B), the terms of the Plan and ERISA Section 404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D), by denying him the balance in his account.

25. Lavin has a right under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), to recover the benefits due to him under the terms of the Plan. To the extent the full relief he seeks is not available under Section 502(a)(1)(B), Lavin seeks relief under Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce his rights under the Plan and redress the violation of the terms of the Plan and ERISA.

## **PRAYER FOR RELIEF**

WHEREFORE, Lavin requests a judgment:

1.  requiring payment to him of the difference between the amount of the Distribution and the balance in his account at the time of the Distribution, plus interest and/or earnings;

2.  awarding him his attorneys' fees and costs; and

3.  granting him such other and further relief as is just and proper.

October 8, 2009

Respectfully submitted,

_____
Jani K. Rachelson (JK 0121)
Peter D. DeChiara (PD 0719)
Zachary N. Leeds (ZL 7353)
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York 10036-6976
Tel: (212) 563-4100
Fax: (212) 695-5436
jrachelson@cwsny.com
pdechiara@cwsny.com
zleeds@cwsny.com

Attorneys for Plaintiff John E. Lavin