02/16/2010 14:06 FAX 212 695 5436    COHEN WEISS&SIMON                            ☒002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/17/10
```

------------------------------------------------x
JOHN B. LAVIN,

                            Plaintiff,

      -against-

BRIEFLY STATED, INC. AND BRIEFLY          Case No. 09 Civ. 8610 (CM)(FM)
STATED, INC. PROFIT SHARING
PLAN,

                            Defendants.
------------------------------------------------x

### STIPULATION AND ORDER FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION AND DOCUMENTS

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff John B. Lavin and Defendants Briefly Stated Inc. Profit Sharing Plan and Briefly Stated, Inc. ("Defendants") through their undersigned counsel, as follows:

    1.    Any party to this Stipulation and Order For The Protection And Exchange Of Confidential Information And Documents ("Stipulation") may designate as "Confidential and Protected Matter": (1) any personnel, financial, confidential, payroll records or otherwise personal information, documentation or files that pertain to any current or former officers, employees, or clients of Defendants; (2) any proprietary, financial, confidential or otherwise personal or business information, documentation or files pertaining to Defendants and/or any of their owners or affiliates including, without limitation, any current or former officers, employees, or clients thereof, and (3) documents from third parties regarded as confidential.

    2.    "Confidential And Protected Matter" shall be used solely for the purposes of litigating this judicial action and not for any other purpose, action or proceeding.

3. This Stipulation will extend to any document derived from a source other than a party to this litigation if the document received from that source is identical to or a copy of a document provided by a party and designated as "Confidential and Protected Matter."

4. Confidential and Protected Matter shall be labeled or otherwise designated "Confidential" or the equivalent. Any confidential designation which inadvertently is omitted subsequent to the entry of this Stipulation, or which was produced prior to the entry of this Stipulation, may be corrected by written notification to opposing counsel.

5. If any party or counsel wishes to use or inquire into a Confidential and Protected Matter at any deposition, the portion of the deposition transcript that relates to the Confidential and Protected Matter will be designated and treated as a Confidential and Protected Matter and subject to the confidentiality/protective provisions herein.

6. Confidential and Protected Matters (including portions of deposition transcripts) or information derived therefrom may only be disclosed or made available by the party receiving such information to "Qualified Persons," who are defined to consist of:

(a) The Court;

(b) The parties to this action, including those employees of each party deemed necessary to aid counsel in the prosecution and defense of this action;

(c) Counsel for the parties to this action and the legal, paralegal, clerical and secretarial staff employed by such counsel;

(d) Deponents, witnesses and possible witnesses, including experts (whether or not retained to testify) utilized in connection with this litigation;

(e) Mediators;

(f) Court reporters; and

      (g)    Any other person(s) agreed to in writing by counsel for the parties. However, no disclosure of Confidential and Protected Matter shall be made to any Qualified Persons identified in subsections (b) to (g) of this Paragraph until after said Qualified Person executes the Affirmation attached to this Stipulation and Order For The Protection And Exchange Of Confidential Information And Documents as Exhibit "A," thereby confirming that said Qualified Person has read and agrees to: (1) abide by all of the terms of this Stipulation and Order For The Protection And Exchange Of Confidential Information And Documents, and (2) not disclose or make available any Confidential and Protected Matter to anyone other than the Qualified Persons identified in this Paragraph.

      7.    All Confidential and Protected Matter or information (including portions of deposition transcripts) which is included in or attached to any papers filed with the Court, shall be labeled "Confidential" and filed under seal. After any Confidential and Protected Matter is filed with the Court, the only individuals who will be allowed access to such information and/or documents are those identified in Paragraph 6 above. Within sixty (60) days after the completion of this action, counsel for any party on whose behalf documents containing Confidential and Protected Matter were submitted will retrieve all the confidential documents he or she has submitted to or filed with the Court. However, if counsel fails to remove such confidential documents after the expiration of this sixty (60) day period, the documents shall be destroyed.

      8.    Each non-lawyer given access to Confidential and Protected Matter or information pursuant to the terms of this Stipulation shall be advised that the Confidential and Protected Matter or Information is being disclosed pursuant to and subject to the terms of this Stipulation and may not be disclosed other than pursuant to the terms hereof.

9.  Entering into, agreeing to and/or complying with the terms of this Stipulation shall not prejudice in any way the right of a party at any time: (1) to seek a determination by the Court of whether any particular item or piece of information should be subject to the terms of this Stipulation; or (2) to seek relief on notice from any provisions of this Stipulation, either generally or as to any particular document or piece of information.

10. Whenever a party objects to the treatment of a document or a portion of a deposition transcript as confidential, counsel for that party shall give such notification in writing to counsel for the party requesting confidential treatment. Within twenty (20) days of receipt of said notice, the party requesting confidential treatment may apply to the Court for a ruling that the document or transcript shall be treated as Confidential and Protected Matter pursuant to the terms of this Stipulation. The document or transcript shall be afforded Confidential and Protected treatment pursuant to the terms of this Stipulation until the Court rules on such application.

11. The parties reserve the right to seek guidance from the Court regarding the specification of appropriate safeguards concerning evidence at trial or may do so by later agreement at or before trial.

12. Upon the termination of this action, including all appeals, the parties shall return to counsel for the producing party documents containing the Confidential and Protected Matter produced by the other party and all copies thereof, or the parties may agree upon appropriate methods of destruction. Any copies of documents containing Confidential and Protected Matter which bear the notations of a non-producing party or the non-producing party's counsel need not be returned to counsel for the producing party and shall be destroyed promptly

by counsel for the non-producing party, who shall give written notice of the destruction of the documents to counsel for the producing party.

13. If Confidential and Protected Matter or information in the possession of a receiving party is subpoenaed or ordered to be produced by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena or require the production of such data or information, the party to whom the subpoena or order is directed shall not provide or otherwise disclose such documents or information without first notifying counsel for the producing party in writing of: (1) the information and documentation which is requested for production in the subpoena or order; (2) the date on which compliance with the subpoena or order is requested; (3) the location at which compliance with the subpoena or order is requested; (4) the identity of the party or entity serving the subpoena or order; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or order has been issued.

14. This Stipulation is without prejudice to the right of any person or entity to seek a modification of this Stipulation at any time.

Respectfully submitted,

COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 356-0216
*Attorneys for Plaintiff*

Dated: February 16, 2010     By: _____
                                  Peter D. DeChiara, Esq.

02/16/2010 14:07 FAX 212 695 5436      COHEN WEISS&SIMON      ☐007

                                          JACKSON LEWIS LLP
                                          One North Broadway, Suite 1502
                                          White Plains, New York 10601
                                          (914) 328-0404
                                          *Attorneys for Defendant Briefly Stated, Inc. Profit*
                                          *Sharing Plan*

Dated: February 16, 2010       By: _____
                                          Jonathan M. Kozak, Esq.
                                          Robert R. Perry, Esq.


                                          SALANS LLP
                                          Rockefeller Center
                                          620 Fifth Avenue,
                                          New York, NY 10020-2457
                                          (212) 632-8457
                                          *Attorneys for Defendant Briefly Stated, Inc.*

Dated: February __, 2010       By: _____
                                          John J. Hay, Esq.

*subject to caret below*
SO ORDERED this 17 day of Feb_____, 2010

_____
U.S.D.J.

You must understand that the court will be free to file decisions NOT under seal if I conclude that documents you have designated confidential are not confidential. This is a stipulation between the parties and by so-ordering it the court does not bind itself to the parties' designation of confidentiality.

02/16/2010 14:07 FAX 212 695 5436           COHEN WEISS&SIMON                              ☒008

EXHIBIT "A"

### AFFIRMATION

I, _____, a Qualified Person as defined by Paragraph 6 of the foregoing Stipulation and Order For The Protection And Exchange Of Confidential Information And Documents (hereinafter "Confidentiality Stipulation"), hereby affirm that I have read and agree to abide by all of the terms of the foregoing Confidentiality Stipulation. Accordingly, I shall not disclose or make available any Confidential and Protected Matter to anyone other than the Qualified Persons identified in Paragraph "6" of the foregoing Confidentiality Stipulation.

_____                                                              _____
Date