UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

JOHN E. LAVIN,

                      Plaintiff,

        -against-

BRIEFLY STATED, INC. and BRIEFLY
STATED INC. PROFIT SHARING PLAN,

                   Defendants.

                                 Case No.:  09-CIV-8610 (CM)

------------------------------------------------x

## **DEFENDANTS' LOCAL CIVIL RULE 56.1  STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

JACKSON LEWIS LLP

One North Broadway, 15th Floor
White Plains, New York 10601
Tel.: (914) 328-0404
Fax: (914) 328-1882
Robert R. Perry
perryr@jacksonlewis.com
Jonathan M. Kozak
kozakj@jacksonlewis.com

*Attorneys for Defendant Briefly Stated, Inc. Profit Sharing Plan*

SALANS LLP

Rockefeller Center
620 Fifth Avenue,
New York, NY 10020-2457
Tele.: (212) 632-8457
Fax: (212) 307-3397
John J. Hay
jhay@salans.com

*Attorneys for Defendant Briefly Stated, Inc.*

Defendants, Briefly Stated, Inc. ("Briefly Stated") and the Briefly Stated, Inc. Profit Sharing Plan (the "Plan") (hereinafter collectively referred to as "Defendants"), by and through their attorneys Jackson Lewis LLP, respectfully submit this Statement Of Material Facts As To Which There Is No Genuine Issue To Be Tried pursuant to Local Rule 56.1 in further support of their Motion for Summary Judgment.[1]

## I.  BACKGROUND.

### A.  Procedural Background.

1. On or about October 8, 2009, Plaintiff filed a Complaint with this Court.

2. On January 6, 2010, Defendants timely filed and served their Answers to Plaintiffs' Complaint.

### B.  Employment with Briefly Stated and Participation in the Plan.

3. Plaintiff was employed by Briefly Stated from on or about October 2, 2000 through March 30, 2005. (Complaint ¶8; D-096)[2]

4. Plaintiff became a participant in the Plan on January 1, 2001.  (Lavin-000273).

5. At the time Plaintiff's employment with Briefly Stated ended, on or about March 30, 2005, Plaintiff was credited with four (4) Years of Service.  (D-097).

---

[1] The facts set forth herein are assumed true only for the purposes of Defendants' Motion for Summary Judgment.

[2] "D-___" refers to pages of documents produced in discovery by Defendants to Plaintiff. The administrative record was produced by Defendants and labeled D-001 through D-110. "Lavin-___" refers to pages from the documents produced in discovery by Plaintiff to Defendants.  The administrative record and other cited portions from the document productions of Defendants and Plaintiff are attached to the Affirmation of Jonathan M. Kozak, Esq. Submitted in Support of Defendants' Motion for Summary Judgment as Exhibits D and E, respectively. "Complaint __" refers to Plaintiff's Complaint, attached as Exhibit A to the Kozak Affirmation.

6.      When Plaintiff's employment ended, he was 40% vested in his Plan account balance.  (Lavin-000273).

7.      In or about March 2007, Plaintiff requested and received a distribution from the Plan in the amount of $598,600.20, representing 40% of Plaintiff's account balance of $1,496,500.50.  (D-097).

8.      The remaining balance of Plaintiff's account, $897,937.81, was forfeited in March 2007.  (D-350).

**C.      Plan History.**

9.      From January 1, 2000 through December 31, 2005, the Plan was an "Employee Stock Ownership Plan", or "ESOP."  (D-096).

10.      From January 1, 2000 through December 31, 2005, the name of the Plan was the "Briefly Stated, Inc. Employee Stock Ownership Plan."  (Lavin-000230).

11.      Prior to September 2005, the Plan's assets consisted primarily of shares of Briefly Stated common stock.  (Id.)

12.      Effective January 1, 2006, the Plan was amended and restated, converted to a profit sharing plan and the name of the Plan changed to the "Briefly Stated, Inc. Profit Sharing Plan, *formerly known as the Briefly Stated, Inc. Employee Stock Ownership Plan.*"  (D-001 through D-050, italics in original; D-122 through D-123).[3]

13.      The Plan Document governs Plaintiff's claim for additional Plan benefits that is the subject of this action.  (D-095).

14.      For the years ending January 1, 2000 through December 31, 2005, inclusive, Briefly Stated funded the Plan by making cash contributions.  (D-102; see also D-164,

---

[3]      The Plan, as amended and restated effective January 1, 2006, is hereinafter referred to as the "Plan Document".

D-169 and D-183).

**D.      Acquisition of Briefly Stated by Li & Fung.**

15.      In September 2005, all of the issued and outstanding shares of Briefly Stated common stock, including the shares owned by the Plan, were acquired by LF USA Inc. ("Li & Fung").  (D-097).

16.      The terms of the acquisition agreement required Li & Fung to continue to maintain the Plan for a period of three (3) years.  (D-386).

17.      The contribution for the year ending December 31, 2005 was made by Briefly Stated after the acquisition by Li & Fung. (D-183).

## II.      PERTINENT PLAN PROVISIONS.

**A.      Vesting and Forfeiture.**

18.      Sections 3.06 and 3.07 of the Plan[4] provide that a participant will be credited with a "Year of Service" for vesting purposes for each Plan Year in which the participant is credited with at least 1,000 hours of service.  (D-013).

19.      Section 10.01(b) of the Plan provides that a participant's vested interest in their account will be determined in accordance with a 3-7 year graded vesting schedule upon termination of employment prior to normal retirement.  (D-022).

20.      Under the schedule, a participant with 4 Years of Vesting Service has a vested interest of 40% in the Plan account.  (D-022).

21.      Section 15.03(a) of the Plan provides that the interest of each affected employee will become fully vested and nonforfeitable if the Plan is terminated in whole or in part.  (D-036).

---

[4]      Unless otherwise specified, Plan section references refer to the Plan Document.

4

22.     Section 10.02 provides that the nonvested portion of a participant's account will be forfeited when the participant either incurs a 5-year break-in-service or receives a distribution of the vested balance of their account.  (D-022).

**B.     Profit Sharing Contributions.**

23.     Section 2.19 of the Plan defines "Profit Sharing Contributions" as "the contributions, if any, made pursuant to Section 6.01."  (D-011).

24.     Section 6.01(a) of the Plan provides that Briefly Stated, at its sole discretion, will determine if and to what extent a Profit Sharing Contribution is appropriate for a Plan Year.  (D-017).

25.     Section 10.04(a) of the Plan provides that forfeitures are used to either pay administrative expenses or to reduce the amount of Profit Sharing Contributions to be made by Briefly Stated for the Plan Year.  (D-023).

26.     The Plan does not contain any other provision for the allocation of forfeitures.  (D-001 to D-050).

27.     The Plan's summary plan description (the "SPD") provides that forfeitures may "either be used to pay administrative expenses or to fund Employer Contributions."  (D-060).

**C.     Plan Administration.**

28.     Section 2.02 of the Plan defines "Administrator" or "Plan Administrator" as Briefly Stated or such other person or committee as may be appointed to administer the Plan in accordance with Article 14.  (D-008).

29.     Section 14.01 of the Plan authorizes Briefly Stated to appoint a committee to perform the duties of the Plan Administrator on behalf of the Company.  (D-032).

30.    Section 14.14 of the Plan provides that the Administrator or its designee has full and absolute discretion and authority to determine the amount of benefits to which any person is entitled under the Plan.  (D-035).

31.    Section 14.14 provides that any such determination will be final and binding on all parties, and may not be set aside in any judicial proceeding unless found to be arbitrary and capricious by a court of competent jurisdiction.  (Id.).

**D.    Limitations Period for Legal Action Challenging a Denial of Benefits.**

32.    Section 14.13 of the Plan Document provides that "[a]ny suit or legal action initiated by a claimant under the Plan must be brought, if at all, no later than one year following a final decision on the claim for benefits by the Administrator."  (D-035).

33.    The SPD provides that:

> As discussed in the section below entitled "Your Rights Under ERISA," you have the right to bring legal action if a claim for benefits is denied. Any such action is subject to the following limitations:
>
> •    You cannot bring a legal action before the claims and review procedures described in the preceding paragraphs are exhausted.
>
> •    You cannot bring a legal action more than one (1) year after the date of the final decision on the appeal of your denied claim for benefits.

(D-068).

**IV.    FORFEITURE ALLOCATIONS AND UNALLOCATED FORFEITURES.**

34.    Prior to the allocation of forfeitures for the 2006 plan year, the Plan held unallocated forfeitures of approximately $1,000,000. (D-141).

35.    This represented amounts forfeited by terminated Plan participants other than Plaintiff.  (See D-350, reflecting that Plaintiff's forfeiture occurred after March 1, 2007).

36.    For the 2006 plan year, Briefly Stated used $544,511 of the unallocated

6

forfeitures to fund a profit sharing contribution.  (D-111, D-112, and D-117).

37.   The 2006 forfeiture allocation represented the maximum permissible allocation under the limitations imposed by Section 415 of the Internal Revenue Code.  (D-111).

38.   After the 2006 forfeiture allocation, the Plan had remaining unallocated forfeitures in the amount of $500,926.09.  (D-234).

39.   Due to the pending litigation and other potential claims, and consistent with its fiduciary responsibilities under ERISA, Briefly Stated suspended Profit Sharing Contribution allocations funded by unallocated forfeitures, effective with the 2007 plan year, pending the resolution of these claims.  (D-115, D-117).

40.   As of May 2009, the Plan had unallocated forfeitures of $3,313,232.73. (D-350, D-351).

## V.   ADMINISTRATIVE CLAIM FOR BENEFITS AND SUBSEQUENT APPEAL.

### A.   Initial Claim for Benefits.

41.   By letter of counsel dated May 30, 2007, Plaintiff advanced a formal claim for additional benefits from the Plan.  (D-074 through D-080).

42.   The claim asserted that Plaintiff became fully vested in his accrued benefit under the Plan as a result of the complete discontinuance of contributions to the Plan by Briefly Stated following their acquisition by Li & Fung.  (D-074).

43.   The claim further asserted that, since Plaintiff had received a distribution of 40% of his accrued benefit under the Plan, Plaintiff was entitled to additional benefits based upon 100% (as opposed to 40%) vesting.  (D-074).

44.   By letter dated November 19, 2007, the Committee denied Plaintiff's claim for benefits.  (D-081 through D-089).

45.     The Committee advised Plaintiff, through counsel, that he had the following rights: (a) to appeal the initial claim denial within 60 days; (b) to submit additional documentation in support of the appeal; (c) to request and to receive free of charge copies of all documents reviewed by the Committee in considering the claim for benefits, including the Plan Document and the SPD; and (d) to commence a civil action under ERISA following the exhaustion of the Plan's claims procedures.  (D-088, D-089).

**B.     Appeal of Denied Claim for Benefits.**

46.     By letter of counsel dated December 4, 2007, Plaintiff requested a formal review on appeal of the Committee's initial claim denial.  (D-090 through D-094).

47.     Plaintiff requested a copy of Section 6.8(b) of the stock purchase agreement referenced in the Committee's initial claim denial.  (D-093).

48.     Plaintiff did not request copies of any other documents reviewed by the Committee in considering the claim for benefits, including the Plan Document and the SPD. (D-093).

49.     Plaintiff did not submit any additional documentation for consideration by the Committee on appeal.  (D-090 through D-094).

50.     On March 20, 2008, Committee members Alan Beckerman and Brad Egna[5] met with counsel to discuss the appeal.  (D-114, D-115).

51.     After consideration of and discussion regarding the merits of the claim, the Committee unanimously voted to deny the appeal, and requested that counsel communicate their decision to Plaintiff's counsel.  (D-114, D-115).

---

[5]     The Committee was comprised of Tom Haugen, Brad Egna and Alan Beckerman at the time of Plaintiff's initial claim for benefits. (D-082).  Mr. Haugen was no longer a member of the Committee when the Committee considered Plaintiff's appeal.

52.     By letter dated March 31, 2008, counsel communicated the Committee's determinations and rationale to Plaintiff. (D-095 through D-105).

53.     The Committee determined that the alleged complete discontinuance of contributions would have had to have occurred prior to Plaintiff's March 2007 distribution in order for Plaintiff to prevail. (D-099).

54.     The Committee reviewed the applicable guidance issued by the Internal Revenue Service ("IRS") regarding the occurrence of a complete discontinuance of contributions and concluded that substantial contributions must be lacking for some period of years, and that such period must be sufficient to exceed a suspension (for which full vesting is not required) and reach the level of a complete discontinuance (for which full vesting is required). (D-101).

55.     The Committee reviewed the statute (Section 411(d)(3) of the Internal Revenue Code), the applicable Treasury regulation (1.411(d)-2) and pertinent provisions of the IRS Manual (Section 7.12.1.2.6). (D-101).

56.     The Committee determined that substantial and recurring cash contributions had been made by Briefly Stated for the years 2000-2005. (D-102).

57.     Based on its interpretation of the relevant terms of the Plan, the Committee determined that forfeitures (to the extent not used to defray Plan administrative expenses) must be used to fund employer contributions. (D-103).

58.     No forfeitures had been used to defray administrative expenses. (D-103).

59.     The Committee interpreted Plan Sections 6.01(a) (which reserves to Briefly Stated the discretion to determine if and to what extent a Profit Sharing Contribution is appropriate for each Plan Year) and 10.04(a) (which provides that such Profit Sharing Contribution is then reduced by amounts that become forfeitures during the current or prior year)

9

as providing a mechanism for forfeitures to fund Profit Sharing Contributions.  (D-102, D-103).

60.    The SPD provides that forfeitures may "either be used to pay administrative expenses or to fund Employer Contributions."  (D-060).

61.    For Plan year 2006, $544,511 in forfeitures were allocated to participants. (Weinstock Dep. 5).[6]

62.    Based on their interpretation that Plan Sections 6.01(a) and 10.04(a) provide a mechanism for forfeitures to fund Profit Sharing Contributions, the supporting language in the SPD, and the substantial forfeiture allocation, the Committee determined that a substantial Profit Sharing Contribution (as that term is defined in the Plan) had been made for 2006.  (D-103).

63.    The Committee considered whether, absent their interpretation that the Plan terms provide a mechanism for forfeitures to fund Profit Sharing Contributions, a complete discontinuance of contributions would have occurred.  (D-103).

64.    The Committee determined that a complete discontinuance of contributions would not have occurred absent their interpretation that the Plan terms provide a mechanism for forfeitures to fund Profit Sharing Contributions, based on the Plan's history of substantial and recurring contributions prior to 2006, the requirement that Li & Fung continue to maintain the Plan for three (3) years following their acquisition of Briefly Stated, and the fact that the terms of the Plan provide for discretionary ongoing future contributions,.  (D-103, D-104).

---

[6]    "Weinstock Dep. ___" refers to the transcript from the deposition of David Weinstock the Plan's third-party administrator during the relevant time period.  Relevant portions from the transcript of Mr. Weinstock's deposition are attached as Exhibit F to the Kozak Affirmation.

## VI.   **PLAINTIFF'S KNOWLEDGE OF THE LIMITATIONS PERIOD.**

65.   Section 14.13 of the Plan Document provides that "[a]ny suit or legal action initiated by a claimant under the Plan must be brought, if at all, no later than one year following a final decision on the claim for benefits by the Administrator." (D-035).

66.   No later than April 2, 2007, Plaintiff had possession of the Plan Document containing the one-year limitation provision. (Lavin-000247; see also D-074, referencing the title "Briefly Stated, Inc. Profit Sharing Plan (*formerly known as the Briefly Stated, Inc. Employee Stock Ownership Plan*)," italics in original).

67.   The SPD provides that a Plan participant "cannot bring a legal action more than one (1) year after the date of the final decision on the appeal of your denied claim for benefits." (D-068).

68.   No later than April 2, 2007, Plaintiff had possession of the SPD containing the one-year limitation provision. (Lavin-000247).

69.   The initial claim for benefits submitted by Plaintiff's counsel dated May 30, 2007 refers to the Plan as the "Briefly Stated, Inc. Profit Sharing Plan, *formerly known as the Briefly Stated, Inc. Employee Stock Ownership Plan.*" (D-074).

Respectfully submitted,

JACKSON LEWIS LLP

One North Broadway, Suite 1502
White Plains, New York 10601
(914) 328-0404

By: _____
Robert K. Perry
Jonathan M. Kozak

Dated: May 17, 2010                    *Attorneys for Defendant Briefly Stated, Inc. Profit*
      White Plains, New York           *Sharing Plan*

SALANS LLP

Rockefeller Center
620 Fifth Avenue
New York, NY 10020-2457
(212) 632-8457
John J. Hay

*Attorneys for Defendant Briefly Stated, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

JOHN E. LAVIN,

                           Plaintiff,

          -against-

BRIEFLY STATED, INC. AND BRIEFLY
STATED, INC. PROFIT SHARING
PLAN,

                       Defendants.

-------------------------------------------------------x

Case No. 09 Civ. 8610 (CM)

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 17th day of May, 2010, I electronically filed and served a copy of Defendants' Local Civil Rule 56.1 Statement Of Material Facts To Which There Is No Genuine Issue To Be Tried upon Plaintiff's counsel through the U. S. District Court for the Southern District of New York CM/ECF system and via Federal Express, overnight mail, postage prepaid and addressed as follows:

Peter D. DeChiara, Esq.
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York 10036
*Attorneys for Plaintiff*

Jonathan M. Kozak