# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP

> One North Broadway, 15th Floor
> White Plains, New York 10601
> Tel.:(914) 328-0404
> Fax: (914) 328-1882
> Robert R. Perry (RP 4710)
> perryr@jacksonlewis.com
> Jonathan M. Kozak (JK 9619)
> kozakj@jacksonlewis.com

*Attorneys for Defendant Briefly Stated, Inc. Profit Sharing Plan*

------------------------------------------------------------x
JOHN E. LAVIN,

                        Plaintiff,

           -against-

BRIEFLY STATED, INC. AND BRIEFLY       Case No. 09 Civ. 8610 (CM)
STATED, INC. PROFIT SHARING
PLAN,

                        Defendants.
------------------------------------------------------------x

## DEFENDANT BRIEFLY STATED, INC. PROFIT SHARING PLAN'S ANSWER TO PLAINTIFF'S COMPLAINT

        Defendant Briefly Stated, Inc. Profit Sharing Plan ("Defendant" or "the Plan") by

and through its attorneys, hereby respond to Plaintiff's Complaint ("Complaint") as follows:

### AS TO "INTRODUCTION"

        1.     Defendant denies the allegations set forth in Paragraph 1 of the Complaint,

except admits that Plaintiff purports to bring this action under the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, purportedly to collect alleged nonforfeitable benefits under a defined contribution pension plan.

2. Defendant denies the allegations set forth in Paragraph 2 of the Complaint, except admits that Plaintiff was previously an employee of Defendant Briefly Stated, Inc., that Plaintiff previously was a participant in the Plan, and that Plaintiff previously received a distribution of his vested interest in the Plan. Defendant avers that the references in Paragraph 2 of the Complaint to provisions of the Internal Revenue Code ("IRC") constitute legal conclusions requiring no response.

## AS TO "JURISDICTION AND VENUE"

3. In response to Paragraph 3 of the Complaint, Defendant admits that this Court has jurisdiction over the claim asserted in this matter.

4. In response to Paragraph 4 of the Complaint, Defendant admits venue is proper in this District.

## AS TO "PARTIES"

5. Defendant denies the allegations set forth in Paragraph 5 of the Complaint, except admits that it was, prior to January 1, 2006, an employee stock ownership plan, or ESOP, named the Briefly Stated, Inc. Employee Stock Ownership Plan, and that the Plan was converted to a profit sharing plan effective January 1, 2006. Defendant avers that the references in Paragraph 5 of the Complaint to provisions of the IRC and ERISA constitute legal conclusions requiring no response.

6. Defendant neither admits nor denies the allegations set forth in Paragraph 6 of the Complaint because they set forth conclusions of law to which no response is required; provided, however, to the extent such allegations set forth factual matters, they are denied,

except Defendant admits Plaintiff was employed at certain times by Defendant Briefly Stated, Inc., that Defendant Briefly Stated, Inc. was the Plan sponsor, and that eligible Briefly Stated, Inc. employees were participants in the Plan. Defendant further avers that Defendant Briefly Stated, Inc. was designated the administrator of the Plan, Defendant Briefly Stated, Inc. was authorized to appoint a committee to assume some or all of the responsibilities of the Plan administrator, and Defendant Briefly Stated, Inc. appointed a committee ("the Committee") to make determinations relating to claims for benefits under the Plan.

7. Defendant neither admits nor denies the allegations set forth in Paragraph 7 of the Complaint because they set forth conclusions of law to which no response is required; provided, however, to the extent such allegations set forth factual matters, they are denied, except Defendant admits that Plaintiff was previously an employee of Defendant Briefly Stated, Inc., that Plaintiff previously was a participant in the Plan, and that Plaintiff received a distribution of his vested interest in the Plan.

## AS TO "FACTUAL ALLEGATIONS"

8. Defendant admits upon information and belief the allegations in set forth in Paragraph 8 of the Complaint.

9. Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant admits the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant denies the allegations set forth in Paragraph 11 of the Complaint, except admits that, on September 30, 2005, Millwork Trading Co. d/b/a Li & Fung USA purchased all of the outstanding shares of Defendant Briefly Stated, Inc.

12. Defendant neither admits nor denies the allegations set forth in Paragraph 12 of the Complaint because they set forth conclusions of law to which no response is required; provided, however, to the extent such allegations set forth factual matters, they are denied.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint, except states that to the extent Paragraph 13 references terms of the Plan, Defendant respectfully refers the Court to the Plan document (attached hereto as Exhibit "A") for its import and effect.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant neither admits nor denies the allegations set forth in Paragraph 15 of the Complaint because they set forth conclusions of law to which no response is required; provided, however, to the extent such allegations set forth factual matters, they are denied.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint, except states that to the extent Paragraph 16 references terms of the Plan, Defendant respectfully refers the Court to the Plan document for its import and effect.

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint, except admits that Plaintiff received a distribution from the Plan in March 2007.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint, except states that to the extent Paragraph 18 references the contents of a letter dated May 30, 2007 submitted on Plaintiff's behalf purporting to assert a claim for additional benefits under the Plan (attached hereto as Exhibit "B"), Defendant respectfully refers the Court to the referenced letter for its import and effect.

19. Defendant admits the allegation set forth in Paragraph 19 of the

Complaint, and states further that to the extent Paragraph 19 references the contents of a letter dated November 19, 2007 from the Committee of the Plan denying Plaintiff's claim for additional benefits (attached hereto as Exhibit "C"), Defendant respectfully refers the Court to the referenced letter for its import and effect.

20.  Defendant admits the allegation set forth in Paragraph 20 of the Complaint, and states further that to the extent Paragraph 20 references the contents of a letter dated December 4, 2007 submitted on Plaintiff's behalf appealing the Plan's denial of Plaintiff's claim for additional benefits under the Plan (attached hereto as Exhibit "D"), Defendant respectfully refers the Court to the referenced letter for its import and effect.

21.  Defendant admits the allegation set forth in Paragraph 21 of the Complaint, and states further that to the extent Paragraph 21 references the contents of a letter dated March 31, 2008 from counsel on behalf of the Committee of the Plan denying Plaintiff's appeal of his denied claim for additional benefits under the Plan (attached hereto as Exhibit "E"), Defendant respectfully refers the Court to the referenced letter for its import and effect.

22.  Defendant denies the allegations set forth in Paragraph 22 of the Complaint, except admits Plaintiff has exhausted his administrative remedies under the Plan.

### AS TO "ERISA CLAIM – 29 U.S.C. §§1132(a)(1)(B), 1132(a)(3)"

23.  Defendant repeats and realleges each and every denial asserted above in response to Paragraphs "1" through "22" of the Complaint as though set forth at length herein in response to Paragraph 23 of the Complaint.

24.  Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25.  Defendant denies the allegations set forth in Paragraph 25 of the

Complaint.

## AS TO "PRAYER FOR RELIEF"

26.     Defendant denies each and every claim for relief set forth in subparagraphs (1), (2) and (3) of the "WHEREFORE" paragraph in the Complaint.

## AS AND FOR A FIRST DEFENSE

27.     The Complaint fails to state a claim for which relief may be granted.

## AS AND FOR A SECOND DEFENSE

28.     Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A THIRD DEFENSE

29.     To the extent Plaintiff seeks relief and/or damages which are not available under the relevant provisions of ERISA, they must be dismissed.

## AS AND FOR A FOURTH DEFENSE

30.     The Committee is the sole claims fiduciary under the Briefly Stated, Inc. Profit Sharing Plan with full and absolute discretion and authority to determine benefit claims, and the Committee's decision to deny Plaintiff's claim is fully supported by the Plan's terms and is determinative.

## AS AND FOR A FIFTH DEFENSE

31.     The Committee's determination was not arbitrary and capricious.

## AS AND FOR A SIXTH DEFENSE

32.     Plaintiff has failed to join necessary or required parties to this lawsuit pursuant to Rule 19 of the Federal Rules of Civil Procedure.

## AS AND FOR AN SEVENTH DEFENSE

33. Defendant reserves the right to amend or add additional affirmative defenses or counter-claims, which may become known during the course of discovery.

WHEREFORE, Defendant Briefly Stated, Inc. Profit Sharing Plan prays for judgment as follows:

a. That the Complaint be dismissed in its entirety, with prejudice, and that judgment be entered thereon in favor of the Defendants and against Plaintiff;

b. That Plaintiff take nothing by reason of his Complaint;

c. That the Defendant be awarded its reasonable attorneys' fees and costs of suit incurred herein; and

d. That the Defendant be awarded all such other further and equitable relief as this Court deems proper.

Respectfully submitted,

JACKSON LEWIS LLP
One North Broadway
White Plains, New York 10601
(914) 328-0404

By: _____
Robert R. Perry (RP 4710)
Jonathan M. Kozak (JK 9619)

*Attorneys for Defendant Briefly Stated, Inc. Profit Sharing Plan*

Dated: January 6, 2010
       White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

JOHN E. LAVIN,

                            Plaintiff,

      -against-

BRIEFLY STATED, INC. AND BRIEFLY          Case No. 09 Civ. 8610 (CM)
STATED, INC. PROFIT SHARING
PLAN,

                           Defendants.

------------------------------------------------------------x

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of January, 2010, I electronically filed Defendant Briefly Stated, Inc. Profit Sharing Plan's Answer to Plaintiff's Complaint with the Clerk of the District Court using the CM/ECF system and caused a copy of the foregoing document to be served upon counsel for Plaintiff via First Class Mail by the United States Postal Service, postage prepaid and addressed as follows:

                  Jani K. Rachelson, Esq.
                  Peter D. DeChiara, Esq.
                  Zachary N. Leeds, Esq.
            COHEN, WEISS AND SIMON LLP
                  330 West 42nd Street
                New York, New York 10036
                  *Attorneys for Plaintiff*

                                            _____
                                                Jonathan M. Kozak