Jani K. Rachelson (JK 0121)
Peter D. DeChiara (PD 0719)
Zachary N. Leeds (ZL 7353)
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York 10036-6976
Tel:  (212) 563-4100
Fax:  (212) 695-5436
jrachelson@cwsny.com
pdechiara@cwsny.com
zleeds@cwsny.com

Attorneys for Plaintiff John E. Lavin

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
:
JOHN E. LAVIN,                                                   :
:
*Plaintiff*,                        :
:
- v. -                                :
:
BRIEFLY STATED, INC. and BRIEFLY STATED  :   Case No. 09-Civ.-8610 (CM)
INC. PROFIT SHARING PLAN,                :   (FM)
:
*Defendants.*                       :
:
-----------------------------------------------------------------X

**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS**

Pursuant to Rule 56.1 of the Local Civil Rules of this Court, Plaintiff John E. Lavin ("Lavin") submits this response to Defendants' Local Civil Rule 56.1 Statement Of Material Facts As To Which There Is No Genuine Issue To Be Tried [Docket No. 24].  Although Lavin controverts certain of the facts asserted by Defendants, as indicated below, Lavin does not believe that there are any genuine issues of material fact to be tried; in Lavin's view, the case can be decided on cross-motions for summary judgment.

1. Admits the facts in paragraph 1.

  2. Admits the facts in paragraph 2.

  3. Admits the facts in paragraph 3.

  4. Admits the facts in paragraph 4.

  5. Admits the facts in paragraph 5.

  6. Admits the facts in paragraph 6.

  7. In response to paragraph 7, admits that in or about March 2007, Plaintiff received a distribution from the Plan in the amount of $598,600.20, representing 40% of his account balance of $1,496,500.50. The record citation in paragraph 7 (D-097) does not indicate that Plaintiff requested a distribution in that amount or when he may have requested it.

  8. In response to paragraph 8, admits only that the Plan deemed the balance of Plaintiff's account forfeited; in fact, as explained in Plaintiff's memoranda of law, Plaintiff had a nonforfeitable right to the balance under 26 U.S.C. §411(d)(3)(B).

  9. Admits the facts in paragraph 9.

  10. Admits the facts in paragraph 10.

  11. Denies the facts in paragraph 11. Prior to September 2005, the Plan's assets consisted primarily of shares of Briefly Stated *preferred* stock. D354. However, any dispute over whether the ESOP's stock was preferred or common is not material to the case.

  12. Admits the facts in paragraph 12.

  13. Avers that paragraph 13 sets forth a legal conclusion, not a statement of fact. In particular, Lavin denies the legal conclusion that the one-year limitations period clause in the Plan governs his claim.

  14. Admits the facts in paragraph 14.

  15. Admits the facts in paragraph 15.

16. Admits the facts in paragraph 16.

17. In response to paragraph 17, Lavin states that the record citation in paragraph 17 (D-183) does not indicate whether the contribution was made before or after the acquisition.

18. Admits the facts in paragraph 18.

19. Admits the facts in paragraph 19.

20. Admits the facts in paragraph 20.

21. Admits the facts in paragraph 21.

22. Paragraph 22 does not accurately characterize all the terms of Section 10.02. The terms of Section 10.02 are set forth in the record citation, D-022.

23. Paragraph 23 does not accurately quote Section 2.19, since the word "contribution" is singular in Section 2.19. The terms of Section 2.19 are set forth in the record citation, D-011.

24. Paragraph 24 does not accurately characterize the terms of Section 6.01(a). The terms of Section 6.01(a) are set forth in the record citation, D-017.

25. Paragraph 25 does not accurately characterize all the terms of Section 10.04(a). The terms of Section 10.04(a) are set forth in the record citation, D-023.

26. Admits the facts in paragraph 26.

27. Admits the facts in paragraph 27.

28. Paragraph 28 does not accurately characterize all the terms of Section 2.02. The terms of Section 2.02 are set forth in the record citation, D-008.

29. Paragraph 29 does not accurately characterize all the terms of Section 14.01. The terms of Section 14.01 are set forth in the record citation, D-032.

30. Paragraph 30 does not accurately characterize all the terms of Section 14.14. The terms of Section 14.14 are set forth in the record citation, D-035.

31. Paragraph 31 does not accurately characterize all the terms of Section 14.14. The terms of Section 14.14 are set forth in the record citation, D-035.

32. Admits the facts in paragraph 32.

33. Admits the facts in paragraph 33.

34. Admits the facts in paragraph 34.

35. Admits the facts in paragraph 35.

36. In response to paragraph 36, Lavin admits that for the 2006 plan year, $544,511 of forfeiture money was allocated, D466, but denies, for the reasons set forth in Plaintiff's memoranda of law, that this forfeiture allocation constituted a profit sharing contribution.

37. Avers that paragraph 37 sets forth a legal conclusion, not a statement of fact to which a response is required.

38. Admits the facts in paragraph 38.

39. In response to paragraph 39, Lavin denies, for the reasons set forth in his memoranda of law, that there were any "Profit Sharing Contribution allocations funded by unallocated forfeitures." Lavin also denies that there was "pending litigation" at the time of the March 31, 2008 memorandum referenced in the record citation, D-117, since the instant action was filed in October 2008. Lavin further states that the assertion concerning "fiduciary responsibilities under ERISA" is a legal conclusion, not a statement of fact.

40. In response to paragraph 40, Lavin asserts that the correct number for the amount of unallocated forfeitures in the Plan as of May 2009 was $3,312,232.73, as set forth in

4

D-352.

    41.    Admits the facts in paragraph 41.

    42.    Admits the facts in paragraph 42.

    43.    Paragraph 43 does not accurately characterize Lavin's claim, which is set forth in the referenced record citation, D-074 to D-080.

    44.    Admits the facts in paragraph 44.

    45.    Admits the facts in paragraph 45.

    46.    Admits the facts in paragraph 46.

    47.    Admits the facts in paragraph 47.

    48.    Admits the facts in paragraph 48.

    49.    Admits the facts in paragraph 49.

    50.    Admits the facts in paragraph 50.

    51.    Admits the facts in paragraph 51.

    52.    Admits the facts in paragraph 52.

    53.    Admits the facts in paragraph 53.

    54.    Admits the facts in paragraph 54.

    55.    Admits the facts in paragraph 55.

    56.    Admits the facts in paragraph 56 except denies that the Committee determined that the 2000-2005 contributions were "cash" contributions.

    57.    In response to paragraph 57, Lavin denies that the Committee interpreted the relevant terms of the Plan, since it did not consider, for example, Plan Sections 6.02 or 8.02. *See* Beckerman 90.  Lavin also denies that the Committee determined that forfeitures *must* be used to fund employer contributions.  Lavin further denies that the Committee's determination

was based solely on Plan interpretation, since, as explained in Plaintiff's memoranda of law, it also included a legal conclusion and was also the result of Egna's immediate financial interest in the result.

58. The record citation in paragraph 58 (D-103) does not indicate that no forfeitures had been used to defray administrative expenses.

59. In response to paragraph 59, Lavin admits that the Committee cited Plan Sections 6.01(a) and 10.04(a) for its conclusion that forfeitures may fund Profit Sharing Contributions, but denies that the parentheticals in paragraph 59 provide accurate characterizations of those two Sections of the Plan.

60. Admits the facts in paragraph 60.

61. Admits the facts in paragraph 61.

62. In response to paragraph 62, Lavin admits that the Committee determined that a substantial Profit Sharing Contribution had been made for 2006, although Lavin denies that this determination was correct. Lavin further asserts that the stated rationale for the Committee's determination is set forth in its March 31, 2008 denial letter. *See* D95-D105.

63. In response to paragraph 63, Lavin admits that the Committee considered whether, had it not determined that a substantial contribution was made for 2006, a complete discontinuance of contributions would have occurred.

64. In response to paragraph 64, Lavin admits that the Committee determined that a complete discontinuance of contributions would not have occurred absent its determination that a substantial contribution was made for 2006. Lavin further asserts that the stated rationale for the Committee's determination is set forth in its March 31, 2008 denial letter. *See* D95-D105.

65. Admits the facts in paragraph 65.

66. In response to paragraph 66, Lavin asserts that the record citations in paragraph 66 (Lavin-247 and D-074) do not support the factual assertion that Plaintiff had possession of the Plan Document by no later than April 2, 2007.  Lavin does not recall and does not know whether he had a copy of the Plan Document as of that date.

67. Admits the facts in paragraph 67.

68. In response to paragraph 68, Lavin states that he does not recall and does not know whether he had a copy of the SPD as of April 2, 2007.

69. Admits the facts in paragraph 69.

June 7, 2010

/s/ Peter D. DeChiara
Jani K. Rachelson (JK 0121)
Peter D. DeChiara (PD 0719)
Zachary N. Leeds (ZL 7353)
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York 10036-6976
Tel:  (212) 563-4100
Fax:  (212) 695-5436
jrachelson@cwsny.com
pdechiara@cwsny.com
zleeds@cwsny.com

Attorneys for Plaintiff John E. Lavin