UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

JOHN E. LAVIN,

                           Plaintiff,

      -against-

BRIEFLY STATED, INC. and BRIEFLY
STATED INC. PROFIT SHARING PLAN,

                         Defendants.

------------------------------------------------------------x

Case No.: 09-CIV-8610 (CM)

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

JACKSON LEWIS LLP

    One North Broadway, 15th Floor
    White Plains, New York 10601
    Tel.: (914) 328-0404
    Fax: (914) 328-1882
    Robert R. Perry
    perryr@jacksonlewis.com
    Jonathan M. Kozak
    kozakj@jacksonlewis.com

    *Attorneys for Defendant Briefly Stated, Inc. Profit Sharing Plan*

SALANS LLP

    Rockefeller Center
    620 Fifth Avenue,
    New York, NY 10020-2457
    Tele.: (212) 632-8457
    Fax: (212) 307-3397
    John J. Hay
    jhay@salans.com

    *Attorneys for Defendant Briefly Stated, Inc.*

Defendants, Briefly Stated, Inc. ("Briefly Stated") and the Briefly Stated, Inc. Profit Sharing Plan (the "Plan") (hereinafter collectively referred to as "Defendants"), by and through their attorneys Jackson Lewis LLP and Salans LLP, respectfully submit this Response To Plaintiff's Statement Of Material Facts ("Plaintiff's Statement of Facts") in support of their opposition pursuant Plaintiff's motion for summary judgment pursuant to Local Rule 56.1(b).

## OBJECTIONS

Defendants object to each Statement of Fact to the extent it is purportedly supported by evidence beyond the scope of the relevant administrative record. Plaintiff's sole claim in this matter arises under Section 502(a)(1)(B) of ERISA. As a result, the evidence to be considered by the Court should be limited to the administrative record.[1] See, e.g., Lane v. The Hartford, et. al., 06 Civ. 3931, 2006 U.S. Dist. LEXIS 83205 (S.D.N.Y. Nov. 14, 2006) (citing Miller v. United Welfare Fund, 72 F.3d 1066, 1071 (2d Cir. 1995)). Plaintiff has failed to demonstrate good cause to enable the Court to consider matters beyond the administrative record. Mitchell v. First Reliance Standard Life Ins., 237 F.R.D. 50, 53 (S.D.N.Y. 2006).

Accordingly, the following paragraphs from Plaintiff's Statement of Facts should be disregarded as based upon evidence from beyond the scope of the administrative record: 2-5, 7-15, 22-27, 30-51, 61-62, 66-69, and 71-73.

## RESPONSES

Subject to and without waiving the foregoing objections, Defendants respond as follows to Plaintiff's Statement of Facts:

1. Admit.

2. Admit.

---

[1] The relevant administrative record for this matter is appended to the Attorney Affirmation in Support of Defendants' Opposition to Plaintiff's Motion for Summary Judgment as Exhibit D.

3. Deny knowledge or information sufficient to form a belief as to the statement set forth in Paragraph 3 of Plaintiff's Statement of Facts.

4. Deny knowledge or information sufficient to form a belief as to the statement set forth in Paragraph 4 of Plaintiff's Statement of Facts.

5. Deny knowledge or information sufficient to form a belief as to the statement set forth in Paragraph 5 of Plaintiff's Statement of Facts.

6. Deny, except admit that LF purchased all of the outstanding shares of Briefly Stated on September 30, 2005.

7. Admit.

8. Admit, except further aver that because of the continuing profitability of Briefly Stated, the earn-outs were achieved. (Beckerman Dep. 35).[2]

9. Admit.

10. Deny, except admit that: (i) the provisions of the stock purchase required LF to maintain the ESOP under conditions specified therein; (ii) at the time of the stock purchase agreement there was some concern key employees might leave the Company, and that there was a concern that "if they did not continue the plan that, . . ., some employees may leave." (Beckerman Dep. 97-99).

11. Deny, except admit that Briefly Stated was a profitable company at the time of its acquisition, LF wanted to "leave everything alone, especially during earn out periods," and Briefly Stated remained profitable during the earn out period and to date. (Beckerman Dep. 34-35).

12. Admit.

13. Admit.

---

[2] The relevant pages of Alan Beckerman's deposition are appended to the Attorney Affirmation in Support of Defendants' Opposition to Plaintiff's Motion for Summary Judgment as Exhibit F.

14. Deny, except admit Mr. Beckerman believed Mr. Egna was concerned that some key employees might leave. (Beckerman Dep. at 99).

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Admit.

23. Deny. The cited evidence establishes that Defendants possess no minutes of Board of Directors meetings reflecting discussions about contributions to the Profit Sharing Plan.

24. Deny, but admit that no additional cash contributions were made at any time after January 1, 2006.

25. Deny, except admit the Form 5500 reports reflect no reportable new cash contributions and refer the Court to the referenced documents for a true and accurate recitation of their contents.

26. Admit.

27. Admit.

28. Deny, except admit that the quoted language is contained within the cited document. Defendants respectfully refer the Court to the referenced document for a true and accurate recitation of its contents.

29. Deny, except admit that the quoted language is contained within the cited document. Defendants respectfully refer the Court to the referenced document for a true and accurate recitation of its contents.

30. Admit.

31. Deny, but admit that the Committee met in February 2007, discussed the potential options for the 2006 forfeiture allocation, and that approximately $544,000 of forfeitures were allocated to Plan participants.

32. Deny.

33. Deny.

34. Admit.

35. Admit.

36. Admit.

37. Admit, except further aver that, due to the pending litigation and other potential claims, and consistent with ERISA fiduciary standards, Profit Sharing Contribution allocations have been suspended after 2006. (D-115, D-117).

38. Deny, but admit that the Plan has unallocated forfeitures believed to currently exceed $3.3 million dollars, and that such amount includes the portion of Plaintiff's Plan account that was forfeited under the terms of the Plan in 2007.

39. Deny, except admit the Plaintiff's Statement of Fact is supported solely by inadmissible double hearsay.

40. Admit.

41. Admit.

42. Deny, but admit that the LF Plan covers employees of several entities related to LF.

43. Admit.

44. Deny, except admit that the quoted language is contained within the cited document. Defendants respectfully refer the Court to the referenced document for a true and accurate recitation of its contents.

45. Deny, except admit that the quoted language is contained within the cited document. Defendants respectfully refer the Court to the referenced document for a true and accurate recitation of its contents.

46. Deny, except admit that the quoted language is contained within the cited document. Defendants respectfully refer the Court to the referenced document for a true and accurate recitation of its contents.

47. Admit.

48. Admit.

49. Admit.

50. Admit.

51. Admit.

52. Admit.

53. Admit.

54. Admit, except Defendants respectfully refer the Court to the referenced document for a true and accurate recitation of its contents.

55. Admit, except Defendants respectfully refer the Court to the referenced document for a true and accurate recitation of its contents.

56. Deny, except Defendants respectfully refer the Court to the referenced document for a true and accurate recitation of its contents.

57. Deny, except admit that the quoted language is contained within the cited document. Defendants respectfully refer the Court to the referenced document for a true and accurate recitation of its contents.

58. Admit, except Defendants respectfully refer the Court to the referenced document for a true and accurate recitation of its contents.

59. Admit, except Defendants respectfully refer the Court to the referenced document for a true and accurate recitation of its contents.

60. Deny, except Defendants respectfully refer the Court to the referenced document for a true and accurate recitation of its contents.

61. Admit, except Defendants respectfully refer the Court to the referenced document for a true and accurate recitation of its contents.

62. Admit.

63. Admit.

64. Deny, except Defendants respectfully refer the Court to the referenced document for a true and accurate recitation of its contents.

65. Admit.

66. Admit, except Defendants respectfully refer the Court to the referenced document for a true and accurate recitation of its contents.

67. Deny, except admit the cited document contains no reference to a discussion about Plan provisions other than Section 10.04(a).

68. Deny, except admit the cited document contains no reference to a discussion about David Weinstock's 2006 valuation report.

69. Deny.

70. Deny, except Defendants respectfully refer the Court to the referenced document for a true and accurate recitation of its contents.

71. Admit.

72. Admit.

73. Admit.

Respectfully submitted,

JACKSON LEWIS LLP

One North Broadway, Suite 1502
White Plains, New York 10601
(914) 328-0404

By: _____
Robert R. Perry
Jonathan M. Kozak

*Attorneys for Defendant Briefly Stated, Inc. Profit*

SALANS LLP

Rockefeller Center
620 Fifth Avenue
New York, NY 10020-2457
(212) 632-8457
John J. Hay

*Attorneys for Defendant Briefly Stated, Inc.*

Dated: June 7, 2010
   White Plains, New York

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

JOHN E. LAVIN,

                 Plaintiff,

-against-                        Case No.: 09-CIV-8610 (CM)

BRIEFLY STATED, INC. and BRIEFLY
STATED INC. PROFIT SHARING PLAN,

                 Defendants.

------------------------------------------------------------x

## CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of June, 2010, I electronically filed and served a copy of Defendants' Objections and Responses to Plaintiff's Statement of Material Facts through the U. S. District Court for the Southern District of New York CM/ECF system and via Federal Express, overnight mail, postage prepaid and addressed as follows:

                 Peter D. DeChiara, Esq.
              COHEN, WEISS AND SIMON LLP
                 330 West 42nd Street
               New York, New York 10036
                *Attorneys for Plaintiff*

                         Robert R. Perry