## COHEN, WEISS AND SIMON LLP
### COUNSELLORS AT LAW
### 330 WEST 42ND STREET
### NEW YORK, N.Y. 10036-6976
### (212) 563-4100

BRUCE H. SIMON
ROBERT S. SAVELSON
STEPHEN B. MOLDOF
MICHAEL E. ABRAM
KEITH E. SECULAR
PETER HERMAN
RICHARD M. SELTZER
JAMES L. LINSEY*
JANI K. RACHELSON
BABETTE CECCOTTI*
SUSAN DAVIS*
MICHAEL L. WINSTON
THOMAS N. CIANTRA
JOSEPH J. VITALE*
PETER D. DeCHIARA
LISA M. GOMEZ*
BRUCE S. LEVINE
JAMES R. GRISI*
ELIZABETH O'LEARY
TRAVIS M. MASTRODDI
MANLIO DIPRETA

SAMUEL J. COHEN (1908-1991)
HENRY WEISS (1910-2004)

DAVID R. HOCK*
CLAIRE TUCK*
RICHARD C. HARMON
MARCELLE J. HENRY
EVAN HUDSON-PLUSH
MICHAEL S. ADLER*
JOSHUA ELLISON
ZACHARY N. LEEDS
TZVI MACKSON

* ALSO ADMITTED IN NJ

August 27, 2010

**MEMO ENDORSED**

[Handwritten notation: 8/31/20 — I have refused to accept the new case as "related." I will decide Lavin's case on its own merits.]

By ECF and Mail

Hon. Colleen McMahon
United States District Judge
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: Lavin v. Briefly Stated, Inc., Briefly Stated Inc. Profit-Sharing Plan,
09-Civ-8610 (CM) (FM) (S.D.N.Y.)

Dear Judge McMahon:

This office represents Plaintiff John Lavin ("Lavin"), a former employee of Defendant Briefly Stated, Inc. ("BS"), who claims in the above-referenced action that Defendant Briefly Stated Inc. Profit-Sharing Plan ("Plan") experienced a "complete discontinuance of contributions" within the meaning of the Internal Revenue Code, and therefore that he had a nonforfeitable right to all the money in his Plan account.

I write to inform the Court that on August 26, 2010, three other former BS employees filed an action asserting a "complete discontinuance of contributions" claim identical to Lavin's. A copy of the complaint in *Nesbit, et al v. Briefly Stated, Inc., et al.*, 10-Civ-6388 (CM) (S.D.N.Y.), is enclosed.

The filing of this second suit is relevant to the issue of whether, in the instant case, the Court should deem Lavin's claim barred by the Plan's one-year statute of limitations. Lavin explained in his summary judgment papers why the one-year limitations period does not bar his claim. Lavin made the additional argument that it would serve no purpose to deem his claim time-barred because (1) the suit by the three other former BS employees (which was then anticipated, and has now been filed) would in any event require the Court to reach the merits of

00165585.DOC 1

COHEN, WEISS AND SIMON LLP

Hon. Colleen McMahon
August 27, 2010
Page 2

the "complete discontinuance" claim, and (2) if the three others prevail in their suit and the Court finds that a "complete discontinuance" occurred, the Plan would be required under the Internal Revenue Code to vest fully all Plan participants, including Lavin. *See* Plaintiff's May 17, 2010 Mem. of Law in Support of his Summary Judgment Motion [Docket No. 26], at 24.

      A copy of this letter has been sent by email and first-class mail to counsel for the Defendants.

Respectfully submitted,

Peter D. DeChiara

PDD:mm
Enclosures

cc:    J. Kozak (counsel for Briefly Stated Inc. Profit Sharing Plan) (by email and mail)
        J. Hay (counsel for Briefly Stated Inc.) (by email and mail)

